IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL B. STORM, | : |
| | : |
| Petitioner | : |
| | : CIVIL NO. 4:09-CV-1569 |
| | : |
| v. | : (Judge McClure) |
| | : |
| KENNETH CAMERON, *et al.*, | : |
| | : |
| Respondents | : |

**<u>MEMORANDUM and ORDER</u>**

January 21, 2010

Petitioner Daniel B. Storm ("Petitioner" or "Storm"), an inmate presently confined at the Cresson State Correctional Institution ("SCI-Cresson") in Cresson, Pennsylvania, commenced this *pro se* action by filing a petition for writ of habeas corpus ("petition") pursuant to the provisions of 28 U.S.C. § 2254. Storm challenges his 2006 Lebanon County conviction. For the reasons set forth below, the petition will be dismissed without prejudice for failure to exhaust state court remedies.

**I.     BACKGROUND**

On or about May 14 and 15, 2005, Storm provided alcohol to and engaged in various forms of sexual contact with K.C., a fifteen-year old girl. (*See* Respondent's Memorandum of Law, Rec. Doc. No. 16-2 at 1.) Storm performed oral sexual intercourse on K.C. and requested that she do the same to him. (*See id.* at 2.)

Ultimately, the parties ended up engaging in vaginal sexual intercourse. (*See id.*) Storm also took photographs of K.C. (*See id.*) The incident occurred at Storm's home. (*See id.* at 1.)

On May 22, 2005, during an interview with Pennsylvania State Police Trooper James Biever, Storm acknowledged that he knew K.C. and had met her at church several years before. (*See id.* at 2.) He also admitted to engaging in oral sex with K.C. (*See id.*) Although he initially denied it, eventually he also admitted to engaging in vaginal sexual intercourse with K.C. (*See id.*) Storm also showed Pennsylvania State Police Trooper O'Neill four (4) photographs that he had taken of K.C. during their May 2005 encounter. (*See id.*) Trooper O'Neill observed that K.C. was in a partially nude state in all of the photographs. (*See id.*)

On June 8, 2005, Storm was charged with one (1) count of Involuntary Deviate Sexual Intercourse, one (1) count of Statutory Sexual Assault, one (1) count of Aggravated Indecent Assault, one (1) count of Sexual Abuse of Children, one (1) count of Corruption of Minors, one (1) count of Indecent Assault, and one (1) count of Selling or Furnishing Liquor or Malt or Brewed Beverages to Minors. (*See id.* at 1.)

Storm waived his preliminary hearing on September 19, 2005. (*See id.*) On December 22, 2005, Storm entered a guilty plea before the Honorable John C. Tylwalk. On April 26, 2006, Storm appeared before Judge Tylwalk for his hearing

and sentencing pursuant to Megan's Law. *See* 42 Pa. Cons. Stat. Ann. § 9791 *et seq*. At that time, Storm was found to be a sexually violent predator and was sentenced to a term of imprisonment of twenty (20) months to four (4) years in the state correctional institution. (*See id.* at 2-3.) No direct appeal was filed. (*See id.* at 3.) On April 30, 2007, Storm filed petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 *et seq.*, in the Lebanon County Court of Common Pleas. (*See id.*) For unknown reasons, the PCRA court did not issue a Rule to Show Cause until almost one (1) year later on April 21, 2008. (*See id.* n. 5; Criminal Docket Sheet, Rec. Doc. No. 16-16 at 11.) On the same date, counsel was appointed to represent Storm. (*See id.* at 3.) At an evidentiary hearing on February 12, 2009, testimony was offered by Storm and the attorney who represented him at the time of his guilty plea. (*See id.*) On July 22, 2009, Storm's PCRA petition was dismissed. (*See id.*) On August 21, 2009, Storm filed a notice of appeal to the Pennsylvania Superior Court that still is pending.[1] (*See id.*)

Storm initially filed the instant petition raising due process, prosecutorial

---

[1]This Court accessed the Pennsylvania Superior Court electronic docket sheet at 1480 MDA 2009 and verified that Storm's appeal from the dismissal of his PCRA petition still is pending inasmuch as the Commonwealth's brief is due to be filed on February 18, 2010. *See* Pennsylvania's Unified Judicial System Webportal, Appellate Courts Docket Sheets, available at
http://ujsportal.pacourts.us/docketsheets/appellate.aspx.

3

misconduct, and ineffective assistance of counsel claims in the United States District Court for the Eastern District Court.  (*See* Rec. Doc. No. 1.)  Because he is challenging a conviction in the Lebanon County Court of Common Pleas, which is located in this District, his petition was transferred to this Court on August 14, 2009.  (*See* Rec. Doc. Nos. 1-3.)  In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), on September 3, 2009, this Court issued a formal notice to Storm that he either could have his petition ruled on as filed, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  (Rec. Doc. No. 5.)  On September 14, 2009, Storm filed his notice of election requesting that the court rule on the petition as filed.  (Rec. Doc. No. 7.)  Prior to filing his notice of election, Storm also filed an application for bail.  (Rec. Doc. No. 6.)

    By Order dated October 15, 2009, Respondents were directed to file responses to the petition and application for bail within twenty (20) days.  (Rec. Doc. No. 8.)  Following a request for a sixty (60) day extension of time, which was granted, on December 31, 2009, responses to the petition (Rec. Doc. No. 16) and application for bail (Rec. Doc. No. 15) were filed.  Although Storm was given the opportunity to file a reply, the deadline for filing a reply has passed, and no reply has been filed.

Therefore, the petition is ripe for review.

## II. DISCUSSION

As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-20 (1982); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993); *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition . . . ." *Santana v. Fenton*, 685 F.2d 71, 77 (3d Cir. 1982).[2] The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." *Gibson*, 805 F.2d at 138.

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*,

---

[2] Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, *Mayberry v. Petsock*, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994); *Schandelmeier v. Cunningham*, 819 F.2d 52, 55 (3d Cir. 1986).

5

526 U.S. 838, 844-45 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir. 2004). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples*, 489 U.S. 346, 350 (1989). Moreover, the petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000) (citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d. Cir. 1997)).

In the instant case, Storm's claims have not been fully presented to the state courts because his appeal from the dismissal of his PCRA petition still is pending. In the interests of comity, this Court must allow the state proceedings to conclude before entertaining Storm's habeas petition. Accordingly, Storm's petition will be dismissed without prejudice as premature.[3] His application for bail will be denied as moot.

---

[3]Federal courts may deviate from the exhaustion requirement only in highly exceptional circumstances, such as where a petitioner lacks any real opportunity to obtain redress in the state court, or if the corrective process was so clearly deficient as to render futile any effort to obtain relief. *See Duckworth v. Serrano*, 454 U.S. 1 (1981). Although Storm alleges within the first ground in the instant petition that he was denied due process as a result of the delay that occurred between the filing of his PCRA petition and the issuance of a Rule to Show Cause, there is no basis to find that this delay rendered state remedies ineffective. Despite the delay, Storm ultimately obtained a hearing on his PCRA petition, and he has not alleged that any delay has occurred in his appellate proceedings or suggested that the relief he requests from the Pennsylvania Superior Court would be somehow unavailable to him even if it is warranted. Consequently, he cannot obtain premature federal review of his claims.

Consequently,

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Rec. Doc. No. 1) is **DISMISSED** without prejudice.

2. Petitioner's application for bail (Rec. Doc. No. 6) is **DENIED** as moot.

3. The Clerk of Court is directed to **CLOSE** this case.

4. There is no basis for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c)(3).

s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge